WILLIAM PERRY *et al.*, plaintiffs in error, *vs.* ROBERT M. GUNBY, defendant in error.

(BY TWO JUDGES.)—When a bill of exceptions was carried to the Supreme Court without a motion having been made in the Court below for a new trial, which bill of exceptions was dismissed, and the plaintiff in error, at a subsequent term of the Superior Court, makes a motion for a new trial, he can only include in the motion such grounds as were not included in the bill of exceptions. The fact that some of those grounds were imperfectly stated, and might possibly have been stricken out on motion of defendant in error, does not vary the rule.

Perry *et al. vs.* Gunby.

2. There being some evidence to show a misrepresentation of a material fact by the plaintiff in error in this case, which was acted on by the defendant in error, the judgment of the Court below refusing a new trial on the allegations that the verdict was contrary to evidence and the weight of evidence and contrary to law and the equity and justice of the case, will not be disturbed. 5th March, 1872.

*Res Adjudicata.* New trial. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1871.

This cause was here at the instance of Perry *et al.*, at June Term, 1870, and was dismissed without a hearing. See 41 Georgia Reports, 415. It was here again upon a question not affecting the merits, in January, 1871. See 42 Georgia Reports, 41. The necessary facts for understanding the opinion are embodied in it.

MOSES & MOSES; CHAPPELL & RUSSELL, for plaintiffs in error.

H. L. BENNING, for defendant.

MONTGOMERY, Judge.

This case was a bill in equity, in Muscogee Superior Court, brought by Gunby, to set aside a conveyance he had made to Mahone, as trustee for Mrs. Perry, and to oust them and restore the possession to Gunby. The trial took place at the November Adjourned Term, 1869, and a verdict and decree were rendered setting aside this conveyance, and ordering the ouster and restoration prayed for by this bill. The defendants to the bill did not, at that term, apply for a new trial, but took the case up to the Supreme Court, by bill of exceptions to various rulings, decisions and charges, and refusals to charge on the part of the Court, during the progress of the trial.

The bill was returnable to the June Term of the Supreme Court, 1870, but was never heard there on the merits. When it reached its order it was, on motion of Gunby's counsel,

Perry *et al. vs.* Gunby.

dismissed on the sole grounds of the non-transmission of the records and bill of exceptions from the Court below within the time required by the rule of the Supreme Court. Wherefore, at the next ensuing term of the Muscogee Superior Court, the defendants to the bill, Perry and wife, and Mahone, made an application for a new trial, based on all the grounds contained in the bill of exceptions, which the Supreme Court had dismissed, and divers other grounds besides. This application was refused on the grounds that the said dismissal of the Supreme Court, and its judgment thereon operated as a bar to the application, to which decision Perry *et al.* excepted, brought their bill of exceptions to this Court, January Term, 1871, and the same was heard and decided here at said Term, and the said decision of Muscogee Superior Court was *reversed*, upon the ground that the Court erred in determining that the defendants were barred from making a *motion for a new trial*, in the case on *other* grounds than those contained in the bill of exceptions, which had been dismissed by the Supreme Court. This judgment was duly remitted and made the judgment of the Court below, and entered on its minutes at the May Term, 1871, and a new trial asked for in accordance thereto, and refused by said Court in general terms, and without specifying the particular grounds of refusal.

1. Whereupon the defendants excepted, and brought the case up to this Court, upon the present bill of exceptions. And now the questions before the Court are — 1st. What are the grounds contained in the second bill of exceptions, other than those contained in the first one, which had been dismissed by this Court? 2d. Are those other and additional grounds such as to entitle the defendants to a new trial? Those other and additional grounds are as follows, as is shown by a comparison of the two bills: 1st. That the verdict was contrary to evidence, and the weight of evidence. 2d. That it was contrary to law, and the equity and justice of the case. There were other grounds set forth in the pres-

Perry *et al. vs.* Gunby.

ent bill of exceptions, which had been set forth in the first bill of exceptions, that had been dismissed. Counsel for plaintiff in error insisted that they were therein set forth, defectively, and might have been stricken on motion of defendants in error, had that bill been heard on its merits, and that, therefore, the judgment of dismissal was no bar as to those grounds of error. We do not think this position of counsel is tenable. Our experience teaches us that, in bills of exceptions, grounds are not unfrequently set forth so defectively as to put them entirely at the mercy of the opposite counsel, who, nevertheless, from preference to have the points decided, or some other cause, permit them to stand, and, in some cases, permit entire bills of exceptions to stand, which they might dismiss, and invoke the decision of the Court upon the points made, rather than move to dismiss the entire case, or to strike from the record the defective assignments of error. We cannot assume that counsel for defendants in error in the dismissed bill would, had their motion to dismiss the entire case failed, have then moved to strike the assignments of error defectively set forth from the record. Indeed, before we could do so, we must first decide that those assignments are defectively set forth, which would be equivalent to reopening that case, and hearing counsel upon it with their positions reversed. Again, ought not grounds that could have been put in the first bill to have been embraced in it? Is not the case analogous to a motion to continue? The only questions which we can now consider are the two already stated. There is no law applicable to the case, to which the verdict can be contrary to, that is not embraced in some one of the exceptions contained in the first bill of exceptions; and as to those, the plaintiffs in error are estopped by the judgment of dismissal.

2. Is it contrary to evidence? The bill sought to rescind the contract upon the ground of a misrepresentation of a material fact by Perry, one of the defendants, and who

acted as agent of the others, in making the purchase, as to the solvency of the Mahones, whose notes the complainant was induced to take by such misrepresentations. There is no dispute that the representations were made as alleged. Defendants denied that the Mahones were insolvent at the time they were made. The evidence shows that they were then insolvent, however much Perry and the Mahones themselves may have thought otherwise at the time. This misrepresentation, however innocently made, and action on it by the complainant (and he swears he did act on it) constitutes legal fraud : Code, section 3117. This authorized the Court to annul the conveyance : Code, section 3121. And this the verdict does, decreeing a repayment to defendants by complainant of some $1,400 or $1,500, the value of the property received by him in exchange, and that he be reinstated in the possession of the premises sold.

The judgment of the Court is affirmed.